IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Nicole Lawtone-Bowles,

    Plaintiff,

v.

Franklin University, *et al.*,

    Defendants.

Case No. 2:24-cv-4091
Judge James L. Graham
Magistrate Judge Chelsey M. Vascura

<u>Opinion and Order</u>

    Plaintiff Nicole Lawtone-Bowles, proceeding *pro se*, originally filed this action in state court against Franklin University and six faculty members. Plaintiff was a doctoral student at Franklin and she alleges that she was wrongly dismissed from the University in September 2024. She asserts that her dismissal was "due to discriminatory actions." Doc. 2, p. 3. The Complaint lists seven purported federal statutes (as will be explained below, one does not exist) that defendants violated. These include the Americans with Disabilities Act, Title VI of the Civil Rights Act of 1964, and Title IX of the Educations Amendments of 1972. Defendants removed the suit to federal court on the basis of federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1441.

    Several motions have been filed by the parties, including defendants' motion for judgment on the pleadings. For the reasons stated below, the Court grants in part defendants' motion for judgment on the pleadings as to certain claims, but withholds ruling on the motion with respect to other claims while plaintiff is afforded an opportunity to amend her Complaint.

**I.    Factual Allegations**

    The Complaint contains few factual allegations. It alleges that plaintiff was a student in good academic standing in Franklin's Doctor of Healthcare Administration program. Plaintiff claims that she was denied "necessary accommodations under the ADA" and was prevented from completing the dissertation phase of her program because of discrimination. Doc. 2, p. 2. Plaintiff further alleges that she filed a complaint with the Office for Civil Rights and thereafter was the subject of retaliation by defendants. She alleges that she was dismissed from Franklin on September 13, 2024 following baseless allegations of misconduct against her.

1

Attached to the complaint is a September 13, 2024 letter from Franklin to plaintiff. *See* Doc. 2-4, Ex. 11. In their Answer to the Complaint, defendants admitted to the authenticity of the letter. The letter states that plaintiff was found, after a conduct hearing, to have committed several violations of the Student Code of Conduct. The violations included forging the signature of a medical professional on paperwork submitted to Franklin, twice providing false information about plaintiff's participation in a program at Franklin, and obtaining unauthorized access to a student association meeting. Based on the violations which Franklin found to be proven by a preponderance of the evidence, Franklin dismissed plaintiff from the University.

The Court can begin to make better sense of plaintiff's claims when reviewing the twenty-or-so filings she has submitted. These filings include her multiple responses to defendants' motion for judgment on the pleadings, plaintiff's own motions and requests, documentation of complaints or grievances which plaintiff has filed with other entities against Franklin, and copies of various emails and social media posts she has filed on the docket. Even then, a challenging aspect of the case is the lack of clarity in plaintiff's filings. It is unclear, for instance, which claims plaintiff truly wishes to assert in this action. Moreover, some of plaintiff's submissions are conclusory, inconsistent, and at times seem to relate to individuals other than plaintiff.[1]

Plaintiff maintains that she is a Black, disabled woman who has been discriminated against by defendants. It appears that the alleged discriminatory conduct includes false allegations of misconduct by plaintiff – likely the misconduct referenced in the September 13, 2024 letter, but perhaps including other allegations of misconduct. *See* Doc. 29, p. 1 (mentioning accusations of academic misconduct in the Spring of 2024). The alleged discriminatory conduct also may include what plaintiff calls, without further explanation, "disparate grading sanctions" and "disproportionate academic penalties" as compared to white, male students. Doc. 39, pp. 2–3. In addition, plaintiff apparently filed a complaint of discrimination with the United States Department of Education Office for Civil Rights in June 2024. *See* Doc. 29. She alleged that Franklin retaliated against her after filing the complaint, perhaps by giving her a failing grade on an exam and/or by dismissing her from the University.

Plaintiff contends that she is disabled. Her conditions may include anxiety and spine trauma. According to doctor's notes which post-date the events at issue, she uses a walker to ambulate "long

---

[1] For example, plaintiff frequently mentions discrimination against English as a Second Language (ESL) students even though there is no indication that plaintiff herself is an ESL student. Her filings also contain materials relating to another Franklin student who allegedly has a disability and has been discriminated against, but who is not a party to this suit.

2

distances" and "cannot type for long periods of time or consistently." Doc. 34 at PAGEID 933–34. Plaintiff says that her ability to type and use a computer keyboard is limited. She uses speech-to-text software and artificial intelligence technologies to do coursework. She claims that defendants wrongly accused her of inappropriately using AI and denied her of the ability to use AI to complete her coursework. She contends that the use of AI to complete her coursework would be a reasonable accommodation of her disability.

## II.   Subject Matter Jurisdiction

Federal courts have an obligation to ensure that subject matter jurisdiction exists. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The Complaint expressly asserts claims under a number of federal statutes, and the Court is satisfied of its jurisdiction over the case.

After defendants removed the action, plaintiff filed a document entitled "Defense to Keep Case in Franklin County Court of Common Pleas." Doc. 10. Plaintiff asserts that her claims are brought under Ohio Revised Code § 4112.02 and belong in state court. This assertion contradicts the Complaint, which does not mention § 4112.02 or any other state law claims.

Nonetheless, as will be explained further below, the Court will grant plaintiff leave to amend her Complaint. Should she wish to assert only state law claims and seek remand to the state court, she may do so.

## III.   Defendants' Motion for Judgment on the Pleadings

### A.   Standard of Review

A motion for judgment on the pleadings pursuant to Rule 12(c) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). The standard applied to motions for judgment on the pleadings is the same standard applicable to motions to dismiss under Rule 12(b)(6). *See Warrior Sports, Inc. v. National Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted). However, the court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

3

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A "'legal conclusion couched as a factual allegation'" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### B.  Claims for which the Motion for Judgment on the Pleadings is Granted

The Court liberally construes *pro se* pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). But even upon a liberal construction of the Complaint and the various filings submitted by plaintiff, the Court finds that there are certain causes of action for which there is no basis upon which plaintiff to state a viable claim, even if amended.

#### 1.  Section 1983 Claim

Under 42 U.S.C. § 1983, a private citizen may bring suit against a state governmental official for money damages to remedy a deprivation of rights secured by the United States Constitution or federal law. A fundamental requirement is that defendant be a "state actor" who is acting under color of state law. *See* 42 U.S.C. § 1983; *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948). A private party cannot be held liable under § 1983 unless he "acted together with or . . . obtained significant aid from state officials" to such a degree that his conduct may be fairly chargeable to the State. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Courts have held that private universities cannot be held liable under § 1983. *See, e.g., Slovinec v. DePaul Univ.*, 332 F.3d 1068, 1068 (7th Cir. 2003); *Blouin v. Loyola Univ.*, 506 F.2d 20, 21 (5th Cir. 1975); *Grafton v. Brooklyn Law Sch.*, 478 F.2d 1137, 1143 (2d Cir. 1973).

Defendants argue that the Complaint contains no allegations that Franklin University or the individual defendants are state actors or acted under the color of state law. The Court agrees, and takes judicial notice that Franklin is a private university. *See* https://nces.ed.gov/collegenavigator (U.S. Dep't of Education, Nat'l Center for Education Statistic's website listing Franklin University as a private institution). Plaintiff has not argued otherwise in any of her filings.

Accordingly, plaintiff's § 1983 claim is dismissed.

### 2. Student Educational Equity Act

The Complaint lists a cause of action under the "Student Educational Equity Act," which the Complaint describes as a law protecting the rights of all students to receive educational opportunities and resources regardless of race, gender, or disability. Doc. 2, p. 2. No citation to the U.S. Code or the Code of Federal Regulations is provided.

Defendants rightly observe that no such statute exists. The Court's research has found no law of that name or substantially similar to it. There does exist an Every Student Succeeds Act, designed to strengthen educational opportunities for disadvantaged students through funding to states and local school districts. *See* 20 U.S.C. § 6301, *et seq.*; PL 114-95, December 10, 2015, 129 Stat 1802. But no private right of action exists under the Every Student Succeeds Act. *See A.W. v. Tennessee Dep't of Educ.*, No. 3:20-CV-76, 2021 WL 6246563, at *8, n.4 (E.D. Tenn. Apr. 14, 2021); *Reaves v. Faulkner*, No. 7:22-CV-40-FL, 2022 WL 19236195, at *2 (E.D.N.C. Oct. 12, 2022), report and recommendation adopted, No. 7:22-CV-040-FL, 2023 WL 2614573 (E.D.N.C. Mar. 23, 2023).

Accordingly, the claim under the purported Student Educational Equity Act is dismissed.

### 3. Age Discrimination

The Complaint asserts a claim under the Age Discrimination Act of 1975, which prohibits discrimination on the basis of age by entities receiving federal funding. 42 U.S.C. § 6102. To state a prima facie claim for age discrimination, plaintiff must allege facts supporting an inference that defendants intentionally discriminated against her due to her age.[2] *See Smith v. Dep't of Educ.*, 158 Fed. App'x 821, 824 (9th Cir. 2005); *Molina v. Aurora Loan Servs., LLC*, No. 14-21354-CIV, 2016 WL 11783325, at *5 (S.D. Fla. Nov. 4, 2016), *aff'd*, 710 Fed. App'x 837 (11th Cir. 2017).

Defendants seek dismissal because the Complaint contains no allegations concerning plaintiff's age or how she was discriminated against because of her age. The Court agrees. The Complaint is devoid of any allegations to support an age discrimination claim. Moreover, nowhere in plaintiff's many other filings does she offer factual allegations relating to her age or how defendants discriminated against her on the basis of age.

---

[2] Case law concerning the Age Discrimination Act is relatively sparse compared to the more commonly invoked Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* For purposes of the present analysis, the Court believes that the text of 42 U.S.C. § 6102 supports applying the familiar requirements in age discrimination cases that plaintiff show an adverse action which defendant took because of her age. *See, e.g., McNeal v. City of Blue Ash, Ohio*, 117 F.4th 887, 894 (6th Cir. 2024).

Thus, plaintiff's age discrimination claim is dismissed.

**C.     Claims which are Deficiently Pled but for which Leave to Amend is Granted**

The Complaint asserts three causes of action which, as pled, do not state a claim. However, upon examination of plaintiff's other filings, the Court finds that plaintiff might potentially state one or more viable claims if given leave to amend the Complaint. The Court advises plaintiff that the Court is not holding that if she amends the Complaint, it will survive a renewed Rule 12 motion. The Court notes only that she could potentially state a viable claim. Defendants are entitled to fair notice of the claims being asserted against them, and the current record before the Court does not satisfy this requirement. *See In re Commonwealth Institutional Sec., Inc.*, 394 F.3d 401, 405 (6th Cir. 2005) (even under liberal pleading standards, a plaintiff must give defendant fair notice of the claims and the grounds upon they rest).

**1.     Disability Discrimination and Failure to Accommodate**

The Complaint lists two statutes related to disability discrimination: the Americans with Disabilities Act and the Rehabilitation Act of 1973. Both statutes "combat discrimination against disabled individuals." M.*J. v. Akron City Sch. Dist. Bd. of Educ.*, 1 F.4th 436, 452 (6th Cir. 2021). Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Under the Rehabilitation Act, a qualified individual with a disability shall not, "solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

To state a claim of disability discrimination, plaintiff must allege that she is an individual with a disability within the meaning of the statutes, is "otherwise qualified" to participate in programs at Franklin, was subject to discrimination because of her disability, and that Franklin receives federal funding (for the Rehabilitation Act only). *See M.J.*, 1 F.4th at 452–53. An individual is "disabled" under the ADA if she (1) "has a physical or mental impairment that substantially limits one or more of the major life activities of such individual," (2) "has a record of such impairment," or (3) "is regarded by her employer as having such an impairment." *Talley v. Fam. Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1105 (6th Cir. 2008).

As defendants observe, the Complaint contains no factual content concerning the nature of plaintiff's disability, nor does it articulate how defendants discriminated against her on the basis of disability.

6

A theme throughout plaintiff's filings is that she "requires" the use of "AI assistive technology" to complete coursework. *See, e.g.*, Doc. 34 at PAGEID 928. And she contends that Franklin refused to accommodate her. To state a claim for failure to accommodate, a plaintiff must allege that she is (1) is disabled, (2) is otherwise qualified for the position or program, with or without a reasonable accommodation, (3) defendant knew or had reason to know of her disability; (4) she requested a reasonable accommodation; and (5) defendant failed to provide the reasonable accommodation. *See Aldini v. Kroger Co. of Mich.*, 628 Fed. App'x 347, 350 (6th Cir. 2015).

The Complaint itself lacks allegations to support a claim for failure to accommodate. Even considering plaintiff's other filings, the Court notes a lack of clear factual content regarding the nature of plaintiff's disability and limitations, as well as uncertainty over whether plaintiff made any requests for an accommodation and, if so, when she made those requests, to whom she made the requests, and what specific accommodation(s) she requested.

If plaintiff wishes to amend her Complaint as to the claims of disability discrimination and failure to accommodate, she should include sufficient factual allegations which support the elements (as set forth above) of those claims.

### 2. Race and Gender Discrimination

Federal law prohibits discrimination on the basis of race or sex regarding programs or activities which receive federal funding. *See* 42 U.S.C. § 2000d (Title VI of the Civil Right Act of 1964), 20 U.S.C. § 1681(a) (Title IX of the Education Amendments of 1972). To state a claim for discrimination under Title VI, a plaintiff must show that she was excluded from a program which receives federal financial assistance and that defendants intentionally discriminated on the basis of race (that is, race was a motivating and determining factor in defendants' exclusion of plaintiff). *See Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1356 (6th Cir. 1996). To state a disparate treatment claim under Title IX, a plaintiff must show that she was excluded from a program which receives federal financial assistance and that defendants discriminated against plaintiff on the basis of sex. *See S.C. v. Metro. Gov't of Nashville*, 86 F.4th 707, 714 (6th Cir. 2023).

The Complaint is devoid of allegations about plaintiff's race or how she was discriminated against on the basis of race. The Complaint, while supporting an inference that plaintiff is a woman, also lacks any allegations as to how defendants discriminated against her on the basis of sex. Plaintiff's other filings state that she is a Black woman. And they suggest that defendants made false accusations against plaintiff, subjected her to disparate academic sanctions, and retaliated against her on the basis

7

of her race and sex. But even then, plaintiff's statements lack clarity and are too dispersed on the docket to provide fair notice to defendants of the allegations against them.[3]

If plaintiff wishes to amend her Complaint as to these claims, she must provide specific factual content to support the elements of the claims.

### IV.     Other Motions

Plaintiff has moved for summary judgment (Doc. 32). In conclusory fashion she contends that Franklin's refusal to allow her to use "AI tools" amounted to a failure to accommodate her disability and she contends that defendants retaliated against her by "denying her access to academic accounts" and "mischaracterizing her requests." Doc. 32 at PAGEID 919–920. No further factual context is provided and the motion is not accompanied by any evidence. As such, plaintiff has failed to carry her burden under Rule 56, Fed. R. Civ. P., and her motion for summary judgment is DENIED.

Plaintiff has submitted numerous briefs and filings in response to defendants' motion for judgment on the pleadings, in violation of Local Civil Rule 7.2(a)(2) (requiring leave of the court to file additional memoranda beyond the permitted one response brief and one reply brief). Defendants have moved to strike (Doc. 36). The Court DENIES AS MOOT the motion to strike. Nonetheless, should plaintiff wish to proceed with this litigation, the Court advises plaintiff of her obligation to comply with the Local Civil Rules and cautions her to not abuse her electronic case-filing privileges.

Included in one of plaintiff's filings (Doc. 44) is a request for leave to amend the Complaint. Under Rule 15(a)(2), leave to amend is to be freely given when justice so requires. Plaintiff's request is GRANTED.

Finally, plaintiff filed a motion to restore access to her Franklin student account in order to complete her degree (Doc. 4). Because this request is based on her position on the merits that she should be reinstated to Franklin, the motion to restore account access is DENIED AS PREMATURE.

### V.      Conclusion

For the reasons stated above, defendants' motion for judgment on the pleadings (Doc. 31) is GRANTED IN PART. It is granted as to plaintiff's § 1983 and age discrimination claims and her

---

[3] For instance, in one of her more recent filings, plaintiff characterizes her race discrimination claim as "linguistic discrimination affecting Black and ESL students," without further elaboration. Doc. 44 at PAGEID 981.

claim under the purported Student Educational Equity Act. The Court finds that plaintiff's remaining claims for disability discrimination, failure to accommodate, race discrimination, and sex discrimination also fail to state a claim, but the Court withholds granting the motion in order to give plaintiff an opportunity to amend her Complaint.

Plaintiff is GRANTED LEAVE TO AMEND THE COMPLAINT WITHIN 21 DAYS of the date of this Opinion and Order. If plaintiff intends to pursue her remaining federal claims, she should include in her Amended Complaint all factual allegations within her knowledge that support those claims. If plaintiff wishes to pursue state law claims, she should so allege in her Amended Complaint. The Court advises plaintiff that a failure to timely amend the Complaint will result in the dismissal of her remaining claims.

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: August 12, 2025