# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| NICOLE LAWTONE-BOWLES,<br>Plaintiff,<br><br>vs.<br><br>FRANKLIN UNIVERSITY, *ET AL.*,<br>Defendant | Case No. 2:24-cv-4091<br>Judge James L. Graham<br>Magistrate Judge Chelsey M. Vascura<br>AMENDED COMPLAINT JURY<br>DEMAND |

## AMENDED COMPLAINT JURY DEMAND

Plaintiff Nicole Lawtone-Bowles, proceeding pro se, respectfully submits this Amended Complaint against defendants and alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) over claims arising under the Americans with Disabilities Act, 42 U.S.C. § 12132; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as defendants conduct business in this district and the events giving rise to this action occurred in this district.

### II. PARTIES

3. Plaintiff Nicole Lawtone-Bowles is a Black woman who resides in Highland Falls, New York. At all relevant times, plaintiff was a doctoral student enrolled in Franklin University's Doctor of Healthcare Administration program.

4. Defendant Franklin University is a private educational institution incorporated in Ohio with its principal place of business in Columbus, Ohio. Franklin University receives federal financial assistance.

5. Defendant John M. Suozzi was, at all relevant times, Lead Faculty for plaintiff's doctoral program and acted within the scope of his employment with Franklin University.

6. Defendants Wendall Seaborne, Christopher D. Tyner, Suzanne E. Smith, Frank Yanchak, Amiee Wagner, and Brandon D. Perry were, at all relevant times, faculty members or administrators at Franklin University acting within the scope of their employment.

### III. FACTUAL ALLEGATIONS

**A. Plaintiff's Disability and Academic Standing**

7. Plaintiff suffers from cervical spine trauma and chronic pain resulting from a workplace accident in May 2019, in which she was crushed between her work vehicle and another car.

8. As a direct result of her cervical spine trauma, plaintiff cannot type for extended periods consistently and experiences substantial limitations in the major life activity of manual tasks, specifically typing and using computer keyboards.

9. Plaintiff uses a walker to ambulate long distances due to her physical impairments.

10. Plaintiff receives Social Security Disability benefits and participates in the Ticket to Work program based on her documented disabilities.

11. Plaintiff was enrolled in Franklin University's Doctor of Healthcare Administration program and maintained exemplary academic performance with a cumulative GPA between 3.916 and 4.00.

12. Plaintiff successfully completed 83 of the 90 required credits for her doctoral degree before being dismissed by Franklin University.

**B. Reasonable Accommodation Requests and Denials**

13. Due to her cervical spine trauma and inability to type consistently, plaintiff relies on Apple's AI Speech-to-Text and Text-to-Speech features on her 2017 Apple computer to complete academic work.

14. Plaintiff's use of assistive technology, including speech-to-text software and artificial intelligence technologies for coursework completion, constitutes a reasonable accommodation for her documented disability.

15. In Spring 2024, Franklin University implemented TurnItIn's AI Detector software, which flagged plaintiff's academic work due to her use of AI assistive technology accommodations.

16. Despite plaintiff's documented disability and legitimate use of AI technology as a reasonable accommodation, Franklin University wrongfully accused her of violating the university's AI usage policy.

17. Plaintiff requested that Franklin University provide reasonable accommodations by allowing her continued use of her AI-enabled assistive technology and disabling the TurnItIn AI detection software for her submissions.

18. Franklin University, through its agents and employees, denied plaintiff's requests for reasonable accommodations despite her documented disability and legitimate need for assistive technology.

19. Franklin University failed to engage in the interactive process required under

AMENDED COMPLAINT JURY DEMAND - 2

the ADA to determine appropriate reasonable accommodations for plaintiff's documented disability.

## C. Discriminatory Treatment Based on Race and Gender

20. Franklin University and its faculty subjected plaintiff to discriminatory treatment based on her race (Black) and gender (female) that was not applied to similarly situated white female and male students.

21. Defendant John M. Suozzi subjected plaintiff and her Black female dissertation chair Alyncia Bowen, Ph.D. to harassment during plaintiff's dissertation examination process.

22. Defendant Suozzi made discriminatory statements to plaintiff, including implications that she "don't write like I speak," suggesting based on plaintiff's identity as a Black disabled woman that she lacked the intellectual capacity to write effectively without AI assistance.

23. Such statements were racially and gender-based discriminatory, reflecting stereotypical assumptions about Black women's academic capabilities.

24. Franklin University imposed "disparate grading sanctions" and "disproportionate academic penalties" against plaintiff compared to white female and male students in similar academic circumstances.

25. Similarly situated white female and white male students were not subjected to the same level of scrutiny regarding AI usage or denied similar accommodations.

## D. Retaliation Following Civil Rights Complaint

26. In June 2024, plaintiff filed a discrimination complaint with the United States Department of Education Office for Civil Rights (OCR) regarding Franklin University's discriminatory treatment and failure to accommodate.

27. Following plaintiff's OCR complaint, Franklin University, through its agents and employees, retaliated against plaintiff by intensifying discriminatory treatment, making false accusations of misconduct, and ultimately dismissing her from the program.

28. The timing and nature of Franklin University's retaliatory actions were directly connected to plaintiff's assertion of her federal civil rights.

29. OCR specifically informed Franklin University that it must refrain from harassment, intimidation, or discrimination in response to plaintiff's assertion of rights under OCR-enforced laws.

30. Despite OCR's directive, Franklin University continued retaliatory conduct against plaintiff, ultimately resulting in her dismissal on September 13, 2024.

## E. False Misconduct Allegations and Dismissal

31. On September 13, 2024, Franklin University dismissed plaintiff following a

AMENDED COMPLAINT JURY DEMAND - 3

conduct hearing based on allegations including forging the signature of a medical professional on paperwork; providing false information about program participation; and obtaining unauthorized access to a student association meeting.

32. These allegations were pretextual and directly related to Franklin University's discriminatory treatment of plaintiff based on her race, gender, and disability status.

33. The misconduct allegations were fabricated as retaliation for plaintiff's civil rights complaints and requests for disability accommodations.

34. Franklin University's dismissal of plaintiff prevented her from completing the final phase of her doctoral program despite her exemplary academic record and substantial completion of degree requirements.

## IV. CAUSES OF ACTION

## COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### *42 U.S.C. § 12132*

35. Plaintiff incorporates all preceding paragraphs by reference.

36. Plaintiff is an individual with a disability within the meaning of the ADA, having physical impairments that substantially limit the major life activities of manual tasks and walking.

37. Plaintiff was otherwise qualified to participate in Franklin University's doctoral program, as evidenced by her exemplary academic performance and completion of 83 of 90 required credits.

38. Franklin University, as a private entity providing educational services, is subject to ADA requirements and receives federal funding making it subject to disability discrimination prohibitions.

39. Franklin University discriminated against plaintiff solely by reason of her disability by denying reasonable accommodations, subjecting her to different treatment than non-disabled students, and ultimately dismissing her based-on disability-related factors.

40. Franklin University's conduct violated 42 U.S.C. § 12132 by excluding plaintiff from participation in educational programs and subjecting her to discrimination by reason of her disability.

## COUNT II: FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS UNDER THE ADA
### *42 U.S.C. § 12132*

41. Plaintiff incorporates all preceding paragraphs by reference.

42. Plaintiff is disabled within the meaning of the ADA and was otherwise qualified for Franklin University's doctoral program with reasonable

AMENDED COMPLAINT JURY DEMAND - 4

accommodations.

43. Franklin University knew or had reason to know of plaintiff's disability based on her requests for accommodations and documentation of her cervical spine trauma.

44. Plaintiff requested reasonable accommodations, specifically the continued use of AI assistive technology and disabling of TurnItIn AI detection software for her submissions.

45. The requested accommodations were reasonable and would not have imposed an undue burden on Franklin University's operations.

46. Franklin University failed to provide the requested reasonable accommodations and failed to engage in the required interactive process.

47. Franklin University's failure to accommodate plaintiff's disability directly caused her academic harm and ultimate dismissal from the program.

## COUNT III: VIOLATION OF SECTION 504 OF THE REHABILITATION ACT

*29 U.S.C. § 794*

48. Plaintiff incorporates all preceding paragraphs by reference.

49. Plaintiff is a qualified individual with a disability within the meaning of Section 504 of the Rehabilitation Act.

50. Franklin University receives federal financial assistance and is therefore subject to Section 504 requirements.

51. Franklin University discriminated against plaintiff solely by reason of her disability by denying accommodations and subjecting her to disparate treatment.

52. Franklin University's conduct violated 29 U.S.C. § 794 by excluding plaintiff from participation in federally funded educational programs based on her disability.

## COUNT IV: VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

*42 U.S.C. § 2000d*

53. Plaintiff incorporates all preceding paragraphs by reference.

54. Plaintiff is a Black woman who was excluded from Franklin University's doctoral program.

55. Franklin University receives federal financial assistance and is subject to Title VI requirements.

56. Franklin University intentionally discriminated against plaintiff based on her race, with race being a motivating and determining factor in defendants' treatment of plaintiff.

57. Such discrimination included disparate grading sanctions, disproportionate

AMENDED COMPLAINT JURY DEMAND - 5

academic penalties, racially discriminatory statements by faculty, and ultimately dismissal from the program.

58. Franklin University's conduct violated 42 U.S.C. § 2000d by subjecting plaintiff to discrimination based on race in a federally funded program.

## COUNT V: VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972

### *20 U.S.C. § 1681*

59. Plaintiff incorporates all preceding paragraphs by reference.

60. Plaintiff is a woman who was excluded from Franklin University's doctoral program.

61. Franklin University receives federal financial assistance and is subject to Title IX requirements.

62. Franklin University discriminated against plaintiff based on her sex through disparate treatment, discriminatory statements by faculty regarding her academic capabilities based on gender stereotypes, and different standards applied compared to male students.

63. Franklin University's conduct violated 20 U.S.C. § 1681 by subjecting plaintiff to discrimination based on sex in a federally funded educational program.

## COUNT VI: RETALIATION IN VIOLATION OF FEDERAL CIVIL RIGHTS LAWS

64. Plaintiff incorporates all preceding paragraphs by reference.

65. Plaintiff engaged in protected activity by filing complaints with OCR regarding discrimination and requesting disability accommodations.

66. Franklin University took adverse action against plaintiff by dismissing her from the doctoral program following her protected activities.

67. A causal connection exists between plaintiff's protected activity and the adverse action, as demonstrated by the timing and pretextual nature of the misconduct allegations.

68. Franklin University's retaliatory conduct violated federal civil rights laws prohibiting retaliation for asserting protected rights.

## V. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests this Honorable Court grant the following relief:

A. A declaratory judgment that defendants' actions violated the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Title VI of the Civil Rights Act of 1964, and Title IX of the Education Amendments of 1972;

B. Injunctive relief requiring Franklin University to:

1. Reinstate plaintiff to the doctoral program with full academic standing;
2. Provide reasonable accommodations for plaintiff's documented disability, including use of AI assistive technology;
3. Implement policies and procedures to prevent future discrimination;
4. Provide appropriate training to faculty and staff regarding disability rights and civil rights compliance;

C. Compensatory damages for:

1. Loss of educational opportunity and degree completion;
2. Financial losses including tuition and fees paid;
3. Student loan obligations incurred without degree completion;
4. Pain and suffering caused by discriminatory treatment;
5. Loss of future earning capacity;

D. Punitive damages for defendants' willful and deliberate violations of federal civil rights laws;

E. Reasonable attorneys' fees and costs pursuant to applicable federal statutes;

F. Pre- and post-judgment interest; and

G. Such other and further relief as this Court deems just and proper.

## VI. JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

Dated this 12 of August 2025.

*/s/ Nicole Lawtone-Bowles*

Nicole Lawtone-Bowles ProSe
56 Center Street
Highland Falls, New York 10928
(347) 538-5386 Office | (845) 839-0220 Fax
NicoleLawtone@aol.com

# OFFICIAL COLLEGE TRANSCRIPT

Student Academic Record                                         Date 01/13/2025

Lawtone-Bowles, Nicole L





Page  1 of  1

```
Course    Description              Hrs Gd Rp Pts|Course    Description              Hrs Gd Rp Pts
-------------------------------------------------|
            FALL 2023                            |
GRAD888 DHA INTRO TO DOCTORAL ST 1.0 P           |
MATH807 INTRODUCTION TO STATISTI 2.0 A      8.0  |
ENG 800 DOCTORAL WRITING & RESEA 3.0 A     12.0  |
MATH810 APPLIED STATISTICS       3.0 A     12.0  |
                                                 |
TRI: HE=  9.0 HA=  8.0 PT=  32.0 GPA= 4.00       |
CUM: HE=  9.0 HA=  8.0 PT=  32.0 GPA= 4.00       |
                                                 |
-------------------------------------------------|
            SPRING 2024                          |
HCM 830 HEALTH ECON RESOURCES &  4.0 A     16.0  |
MTHD815 MEASUREMENT & SCALE DEVE 2.0 A      8.0  |
HCM 810 ORG, COMMUNITY & GLOBAL  4.0 A     16.0  |
HCM 820 HLTHCARE POLICY REGS & R 4.0 A     16.0  |
MTHD824 ADVANCED MIXED METHODS   3.0 B+     9.9  |
                                                 |
TRI: HE= 17.0 HA= 17.0 PT=  65.9 GPA= 3.88       |
CUM: HE= 26.0 HA= 25.0 PT=  97.9 GPA= 3.92       |
                                                 |
-------------------------------------------------|
            SUMMER 2024                          |
DISS9000COMPREHENSIVE EXAM           1.0 NC      |
                                                 |
TRI: HE=  0.0 HA=  0.0 PT=   0.0 GPA= 0.00       |
CUM: HE= 26.0 HA= 25.0 PT=  97.9 GPA= 3.92       |
                                                 |
-------------------------------------------------|
            TRANSFER CREDIT                      |
      LIBERTY UNIVERSITY            27.00        |
                                                 |
----------NO ENTRIES BELOW THIS LINE----------   |
```

**REVIEWED**

*By KLiriano at 10:25 am, Jan 21, 2025*



**Frank Yanchak**
**University Registrar**




# FRANKLIN UNIVERSITY

**UNIVERSITY REGISTRAR'S OFFICE**
201 S. Grant Ave. • Columbus, Ohio 43215-5399
614.341.6242 or 1.877.341.6300
FAX 614.224.0434 • FICE 003046

# KEY TO TRANSCRIPT

---

## RELEASE OF INFORMATION

This transcript is provided for your exclusive use only and may not be released to any third party without the written consent of the student. These instructions are in accordance with the Family Educational Rights and Privacy Act of 1974, as amended.

## TRANSCRIPT AUTHENTICITY

- Coursework shown on transcript reflects all Franklin University courses attempted.
- Transcripts for most students are laser printed in portrait format from an electronic database records system. The date of issue is printed on the upper right corner of a laser printed transcript.
- Transcripts for some students are photocopied in portrait format from a hard copy academic record. The date of issue is stamped in blank ink on the lower right corner of a photocopied transcript.
- A transcript can be identified as official when it bears the facsimile signature of the University Registrar; the transcript paper is blue in color with "Franklin University" appearing across the entire face of the document; and the University seal is printed in the lower right corner with the words "Franklin University, est. 1902" along the outer edge.
- If the transcript is issued to the student, the message "Student Copy" is stamped in black ink on the lower right corner.

TO TEST FOR AUTHENTICITY: The face of this document has a blue background, and the name of the institution appears in small print. Apply fresh liquid bleach to the back of this document. If authentic, the paper will turn brown. When photocopied, the word COPY appears prominently across the face of the document. ALTERATION OR FORGERY OF THIS DOCUMENT MAY BE A CRIMINAL OFFENSE.

## ACCREDITATION

Franklin University is accredited by the Higher Learning Commission (hlcommission.org), an institutional accreditation agency recognized by the U.S. Department of Education.

Urbana University was accredited as a separate institution by the Higher Learning Commission from 04/09/1975 through 07/31/2017. The University voluntarily resigned affiliation with the Higher Learning Commission, effective 08/01/2017, and became a Branch Campus of Franklin University. The Urbana University Branch Campus ceased enrollments and closed at the end of the 2020 Spring Semester; its records are maintained by Franklin University.

Franklin University is designated by the NSA as a Center of Academic Excellence (CAE) in Cyber Defense education. The B.S. in Cybersecurity program is a NSA validated programs of study.

## CALENDAR

Franklin University operates on a trimester calendar. All credit hours are equivalent to semester hours.

## SYSTEM CONVERSION STATEMENT

As a result of a system conversion in Summer '96 Trimester, DEPT code and CATALOG numbers were changed for some courses. In these cases, the original DEPT code and CATALOG numbers are noted in parentheses within course titles.

---

## UNDERGRADUATE

### UNIT OF CREDIT

One unit of credit is equivalent to one semester hour.

### OFFICIAL GRADING SYSTEM

| Description | Grade | Pts. | Credits Awarded |
|---|---|---|---|
| Excellent | A | 4.00 | yes |
| Good | B | 3.00 | yes |
| Satisfactory | C | 2.00 | yes |
| Poor | D | 1.00 | yes |
| Failure | E | 0.00 | no |
| "A" Course Repeated | AR | 4.00 | no |
| "B" Course Repeated | BR | 3.00 | no |
| "C" Course Repeated | CR | 2.00 | no |
| "D" Course Repeated | DR | 0.00 | no |
| "P" Course Repeated | PR | 0.00 | no |
| Failed Course Repeated | ER | 0.00 | no |
| Audit | AU | 0.00 | no |
| Credit by Examination | EM | 0.00 | yes |
| Incomplete | I | 0.00 | no |
| Incomplete changed to Failing Grade | IE | 0.00 | no |
| Administrative Withdrawal (failure) | Z | 0.00 | no |
| Administrative Withdrawal (for courses taken P/NC) | NZ | 0.00 | no |
| Transfer Credit | K | 0.00 | yes |
| No Credit | NC | 0.00 | no |
| Pass | P | 0.00 | yes |
| Withdrawn/Passing | WP | 0.00 | no |
| Withdrawn/Failing | WE | 0.00 | no |
| Withdrawn | W | 0.00 | no |
| Experiential Learning Credit | PC | 0.00 | yes |
| Credit not granted after the Forgiveness Policy | DK,EK | 0.00 | no |
| Credit granted after the Forgiveness Policy | AK,BK CK,PK | 0.00 | yes |

### PROBATION/SUSPENSION/READMISSION/DISMISSAL

Undergraduate students whose cumulative GPA is below 2.0 are placed on **Academic Probation** as a warning status. **Academic Suspension** is the cancellation of enrollment eligibility for one trimester. **Readmission** can be sought by a student after Academic Suspension. **Academic Dismissal** is cancellation of enrollment eligibility at Franklin University.

### FORGIVENESS POLICY

This policy gives students a one-time opportunity to eliminate their "old" GPA's. Undergraduate students are granted credit only for courses in which a grade of "C" or better was earned. The GPA is then based only on courses completed after implementation of the policy.

### RETAKE POLICY

Undergraduate students who have earned grades of "D" or "E" in a course may retake the identical course and have the grade earned (and credit, if passed) during the second attempt automatically replace the original grade. Upon completion of the repeated course, the previously earned grade will be converted to "DR" or "ER" and cumulative averages will be recalculated. Neither "DR" nor "ER" grades will be counted in the GPA.

### PROFICIENCY EXAMINATIONS

Franklin University awards academic credit for the following examinations:

- College Level Examination Program (CLEP)
- Franklin University Proficiency Examination (FUPE)
- Portfolio/Credit for Prior Learning (PCPL)
- ACT Proficiency Examination Program (ACT-PEP)

---

## GRADUATE

### UNIT OF CREDIT

One unit of credit is equivalent to one semester hour.

### OFFICIAL GRADING SYSTEM

| Description | Grade | Pts. | Credit Awarded |
|---|---|---|---|
| Excellent | A | 4.00 | yes |
| Excellent | A- | 3.70 | yes |
| Good | B+ | 3.30 | yes |
| Good | B | 3.00 | yes |
| Good | B- | 2.70 | yes |
| Satisfactory | C | 2.00 | yes |
| Failure | F | 0.00 | no |
| Withdrawn | W | 0.00 | no |
| Incomplete | I | 0.00 | no |
| Incomplete changed to Failing Grade | IF | 0.00 | no |
| "C" Course Repeated | CR | 0.00 | no |
| "F" Course Repeated | FR | 0.00 | no |
| Grade Forgiveness | FK | 0.00 | no |
| Administrative Withdrawal (failure) | Z | 0.00 | no |

### PROBATION/DISMISSAL

Graduate students whose cumulative GPA is below 3.0 are placed on **Academic Probation** for one academic trimester. **Academic Dismissal** is cancellation of enrollment eligibility at Franklin University.

### RETAKE POLICY

Graduate students who have earned grades of "C" or "F" in a course may retake the identical course and have the grade earned (and credit, if passed) during the second attempt

automatically replace the original grade. Upon completion of the repeated course, the

previously earned grade will be converted to "CR" or "FR" and cumulative averages will be recalculated. Neither "CR" nor "FR" grades will be counted in the GPA.

---

### DEAN'S FIAT COURSES

Courses with a catalog number of "999" are Dean's Fiat courses and are offered as a field test.

### SUMMARY LINE ABBREVIATIONS

| | |
|---|---|
| CUM | Cumulative |
| TRI | Trimester |
| HA | Hours Attempted |
| HE | Hours Earned |
| PT | Points |
| GPA | Grade Point Average |

17-0100



**THE STATE EDUCATION DEPARTMENT** / THE UNIVERSITY OF THE STATE OF NEW YORK / ALBANY, NY 12234

OFFICE OF ADULT CAREER AND CONTINUING EDUCATION SERVICES
Vocational Rehabilitation

| | | |
|---|---|---|
| MIDDLETOWN SATELLITE OFFICE | Tel: | (845) 346-4260 |
| 85 Crystal Run Road | | |
| Suite 210 | Fax: | (845) 343-3358 |
| Middletown, NY 10941 | TTY: | |

May 14, 2025

Nicole L. Lawtone-Bowles



Dear Nicole,

This letter is to inform you that you have been determined **eligible** for ACCES-VR services on **05/14/2025**. ACCES-VR provides vocational rehabilitation services to assist individuals with disabilities to obtain, maintain and advance in employment. Your ACCES-VR team, which includes me as your Vocational Rehabilitation Counselor, a Vocational Rehabilitation Counselor Assistant, and our local District Office Management Team, looks forward to working with you to help you achieve your employment goals.

We will need to identify your employment goal and the services that you will need to meet that goal. Together, we will write an Individualized Plan for Employment (IPE) which will serve as your road map to a job. If you would rather write your own IPE, I can provide you with guidance and assistance or you may ask for help from a local disability advocacy organization. Please take a look at our brochure, Developing Your Individualized Plan for Employment (IPE) at http://www.acces.nysed.gov/common/acces/files/vr/ipebrochure.pdf so you can learn more about what is included in your IPE. You can also learn more about ACCES-VR services by visiting our webpage at: http://www.acces.nysed.gov/vr.

The next step is plan development.

I look forward to working with you and helping you get a job. Please email me at Kayleen.Charles@nysed.gov or call me at (845) 346-4289 if you have any questions.

Sincerely,

Kayleen C. Charles
Vocational Rehabilitation Counselor

**John Michael Suozzi**; Psychologist; Mattituck, NY 11952; Lic. No. 014574; Cal. No. 30483; Application to surrender license granted. Summary: Licensee admitted to charges of crossing boundaries by engaging in sexual relations with the mothers of two children I was counseling and which mothers I was training on how to deal with their children.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2024 Sep 24 3:25 PM-24CV007370