# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Nicole Lawtone-Bowles, | ) | Case No. 2:24-cv-04091 |
| | ) | |
| Plaintiff, | ) | Judge James L. Graham |
| | ) | |
| v. | ) | Magistrate Chelsea M. Vascura |
| | ) | |
| Franklin University, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Now come Defendants, Franklin University, John M. Suozzi, Wendall Seaborne, Christopher D. Tyner, Suzanne E. Smith, Frank Yanchak, and Brandon D. Perry (collectively "Defendants"), by and through counsel, and respectfully request that this Court deny Plaintiff's Motion to Strike Defendants' Affirmative Defenses because Defendants' affirmative defenses are proper, supported by law, and raised in good faith. Further, Defendants are entitled to discovery to further evaluate their affirmative defenses. For these reasons and those discussed herein, Defendants respectfully request that this Court deny Plaintiff's Motion to Strike Defendants' Affirmative Defenses.

Respectfully submitted,

*s/ Julie Grace VanVliet*
SEAN T. NEEDHAM (0081382)
JULIE GRACE VANVLIET (0104946)
**REMINGER CO., L.P.A.**
200 Public Square, Suite 1200
Cleveland, Ohio 44114
Phone: (216) 687-1311 | Fax: (216) 687-1841
Email: sneedham@reminger.com
        jvanvliet@reminger.com
*Counsel for Defendants*

**BRIEF IN OPPOSITION**

## I. INTRODUCTION

Should this Court construe Plaintiff's "Opposition to Defendants' Request for Dismissal with Prejudice" as a Motion to Strike Defendants' affirmative defenses, Defendants respectfully request that Plaintiff's request be denied. Importantly, the parties have not yet engaged in any discovery. And "[f]ailure to plead an affirmative defense in the first responsive pleading to a complaint generally results in a waiver of that defense." *Horton v. Potter*, 369, F.3d 906, 911 (6th Cir. 2004). Thus, Defendants are entitled to discovery to further evaluate their affirmative defenses, all of which are asserted on a good-faith basis out of an abundance of caution to prevent from waiver.

## II. LAW AND ANALYSIS

While a court may strike affirmative defenses if they are insufficient as a matter of law, "courts should disfavor motions to strike affirmative defenses 'because they potentially serve only to cause delay.'" *HCRI TRS Acquirer, LLC v. Iwer*, 708 F. Supp. 2d 687, 689 (N.D. Ohio April 28, 2010), *citing Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). As the Sixth Circuit has explained:

> Partly because of the practical difficulty of deciding cases without a factual record, it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

*Id.*, *citing Brown & Williamson Tobacco Corp. v. United States*, 201 F. 2d 819 (6th Cir. 1953).

Further, "the Sixth Circuit of Appeals has never expressly held that the heightened pleading standard set forth in *Iqbal* and *Twombly* for complaints also applies to affirmative defenses, and district courts within the Sixth Circuit are split on the issue." *CCS Constr. Co. v. Lotus Pad Liberty Ctr., LLC*, 2020 U.S. Dist. LEXIS 214067, *6 (S.D. Ohio Nov. 16, 2020). Therefore, pleading

affirmative defenses in general terms is sufficient as long as it "gives plaintiff fair notice of the nature of the defense" and satisfies the law and spirit of Rule 8. *Id.*, *quoting Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006).

Each of Defendants' affirmative defenses satisfy this standard. They are made in good faith, supported by law, and give Plaintiff fair notice of the nature of the defenses. Additionally, considering the uncertain nature of Plaintiff's remaining causes of action, Defendants are entitled to discovery to further evaluate their affirmative defenses, which were asserted out of an abundance of caution to prevent waiver. In short, the drastic remedy of striking the affirmative defenses is simply not warranted here.

### III. CONCLUSION

Defendants' affirmative defenses are supported by good grounds, and Plaintiff has not established the high standard demonstrating why they should be struck. Thus, Defendants respectfully request that Plaintiff's Motion to Strike the Affirmative Defenses be denied.

    Respectfully submitted,

    *s/ Julie Grace VanVliet*
    SEAN T. NEEDHAM (0081382)
    JULIE GRACE VANVLIET (0104946)
    **REMINGER CO., L.P.A.**
    200 Public Square, Suite 1200
    Cleveland, Ohio 44114
    Phone: (216) 687-1311 | Fax: (216) 687-1841
    Email: sneedham@reminger.com
           jvanvliet@reminger.com
    *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 23rd day of September 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Additional service copies were sent via electronic mail to the following:

Nicole Lawtone-Bowles
56 Center Street
Highland Falls, New York 10928
Email: nicolelawtone@aol.com
*Pro Se Plaintiff*

/s/ *Julie Grace VanVliet*
Sean T. Needham, Esq. (0081382)
Julie Grace VanVliet (0104946)
*Counsel for Defendants*