# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| NICOLE LAWTONE-BOWLES,<br>　　　　　　　　　　Plaintiff,<br>vs.<br>FRANKLIN UNIVERSITY, *ET AL.*,<br>　　　　　　　　　　Defendants, | Case No. 2:24-cv-4091<br>Judge James L. Graham<br>Magistrate Judge Chelsey M. Vascura<br><br>PRO SE PLAINTIFF'S REPLY TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES |

## PRO SE PLAINTIFF'S REPLY TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

### I. INTRODUCTION

Plaintiff, Nicole Lawtone-Bowles, respectfully submits this reply in opposition to Defendants' Motion to Strike Plaintiff's Motion to Strike Defendants' affirmative defenses. The issues presented herein implicate the fundamental right to [equal educational opportunity](), a right that is protected by both constitutional doctrine and federal statutes that prohibit discrimination on the basis of race and disability. As a Black woman with a disability who is striving to complete her [Doctor of Healthcare Administration (DHA)](), Ms. Lawtone-Bowles seeks the Court's protection of those rights. Defendants' attempt to excise Plaintiff's challenges to their affirmative defenses threatens to silence a vital dispute over statutory and constitutional guarantees.

## II. PARTIES

Plaintiff Nicole Lawtone-Bowles is a Black disabled woman who resides in Highland Falls, New York. At all relevant times, plaintiff was a doctoral student enrolled in Franklin University's Doctor of Healthcare Administration program. Defendant Franklin University is a private educational institution incorporated in Ohio with its principal place of business in Columbus, Ohio. Franklin University receives federal financial assistance. Defendant John M. Suozzi was, at all relevant times, Lead Faculty for plaintiff's doctoral program and acted within the scope of his employment with Franklin University.

Defendants Wendell Seaborne, Christopher D. Tyner, Suzanne E. Smith, Frank Yanchak, Amiee Wagner, and Brandon D. Perry were, at all relevant times, faculty members or administrators at Franklin University acting within the scope of their employment.

## III. ARGUMENT

A. Equal Educational Opportunities

The United States Supreme Court has long recognized that the Constitution guarantees substantially equal educational opportunities to all students. In *Brown v. Bd. of Educ.,* the Court announced that "separate educational facilities are inherently unequal." *Brown*, 347 U.S. at 483 (1954). That principle extends to any classification that deprives a protected class of the benefits of education, including

classifications based on disability. The Court reaffirmed this doctrine in United States v. Virginia, holding that a state may not withhold "comparable educational benefits" from a protected class. United States v. Virginia, 518 U.S. at 527 (1996).

Federal disability-rights statutes reinforce the constitutional mandate. Section 504 of the Rehabilitation Act prohibits discrimination against any "handicapped person" in programs receiving federal financial assistance. 29 U.S.C. § 794 (2022); and the implementing regulation requires that "no otherwise qualified individual with a disability…shall, on the basis of disability, be excluded from participation in, denied the benefits of, or otherwise subjected to discrimination under any program or activity receiving Federal financial assistance." 34 C.F.R. § 104.4 (2024)The Americans with Disabilities Act likewise obligates educational institutions to provide reasonable accommodations 42 U.S.C. §§ 12101 et seq. (2022).

The Higher Education Act further proscribes discrimination in post-secondary programs that receive federal aid. 20 U.S.C. § 1011(a) (2022). Together, these authorities require that a disabled student be afforded the same educational opportunities as his or her nondisabled peers. The Ninth Circuit's decision in Parents Involved in Community Schools v. Seattle Sch.

*Dist.* underscores the necessity of narrowly tailored measures to secure equal educational access. *Parents Involved*, 377 F.3d at 956 (9th Cir. 2004).

Although the case addressed race-based admissions, its discussion of the constitutional and statutory imperatives to provide equal educational opportunity is directly applicable to Plaintiff's claim that Defendants' affirmative defenses mask unlawful disability-based exclusion.

B. Impact on Ms. Lawtone-Bowles

Plaintiff's need for accommodations is not speculative. Under *Board of Educ. of the Hendrick Hudson Central Sch. Dist. v. Rowley,* the Supreme Court held that a "free appropriate public education" must be "tailored to the unique needs of the child." *Rowley*, 458 U.S. at 176, 184 (1982). The Second Circuit reiterated that the statutory goal is a "meaningful educational benefit" for disabled students *Rowley*, 714 F.2d at 119 (2d Cir. 1982). The Supreme Court later elevated the standard in *Endrew F. v. Douglas Cnty. Sch. Dist.*, requiring that an Individualized Education Program be "reasonably calculated to enable the child to make progress appropriate in light of the child's circumstances." *Endrew F.*, 580 U.S. ___, 138 (2017).

By refusing to provide the accommodations necessary for Plaintiff to complete her Doctor of Healthcare Administration, Defendants effectively deny

her the "real opportunity" to progress— a violation of both statutory duty and constitutional principle.

C. Defendants' Affirmative Defenses

Defendants claim that their affirmative defenses are "made in good faith" and "supported by law." That assertion ignores the mandatory obligations imposed by the ADA, § 504, and the IDEA. The burden of proof rests on the party advancing an affirmative defense. Hawkins v. Sullivan, 404 F.3d at 290 (2d Cir. 2005). Defendants have offered no evidentiary record demonstrating compliance with their statutory duties; instead they rely on conclusory statements.

Because statutes such as 29 U.S.C. § 794 and 42 U.S.C. §§ 12101 et seq. impose non-negotiable duties to provide reasonable accommodations, an affirmative defense that essentially denies those duties is legally foreclosed. Courts have rejected defenses that run afoul of disability-rights statutes. See Miller v. Alamo Mts. Ltd. Partners, 619 F.3d at 816 (5th Cir. 2010). Accordingly, the Court should deny Defendants' motion and allow Plaintiff's challenge to the defenses to proceed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Strike Plaintiff's Motion to Strike Defendants' affirmative defenses. Upholding the statutory and constitutional guarantees of equal

educational opportunity is essential to ensuring that Nicole Lawtone-Bowles, a Black disabled woman, may obtain her Doctor of Healthcare Administration and fully participate in society.

Respectfully submitted,
/s/ Nicole Lawtone-Bowles
Nicole Lawtone-Bowles
*Pro Se* Plaintiff
56 Center Street
Highland Falls, New York 10928
Email: nicolelawtone@aol.com
Phone: (347) 538-5386
September 23, 2025

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 23, 2025, a true and accurate copy of the foregoing was served upon all counsel of record via the Court's CM/ECF electronic filing system:

Sean T. Needham, Esq.
Julie Grace VanVliet, Esq.
REMINGER CO., L.P.A.
200 Public Square, Suite 1200
Cleveland, Ohio 44114
Email: sneedham@reminger.com
Email: jvanvliet@reminger.com
*Counsel for Defendants*

                                                /s/ Nicole Lawtone-Bowles
                                                Nicole Lawtone-Bowles
                                                *Pro Se* Plaintiff